### AITKEN v. LAWRENCE.

1. HUSBAND AND WIFE—PRINCIPAL AND AGENT—SETTLEMENT—UN- DISCLOSED PRINCIPAL—ESTOPPEL.

   In an action by a wife for fraud in selling a stock of goods and fixtures to her husband, who she claims was her agent in said transaction, she is bound by a settlement of said fraud made by defendant with the husband, where she had full knowledge thereof, accepted its benefits, and failed to disclose the agency until later.[1]

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—LACK OF DILIGENCE.

   A motion for a new trial on the ground of newly- discovered evidence was properly denied for want of diligence where it appeared that the proposed witness re- sided but a short distance from the court house and the subject-matter and materiality of whose testimony was known at the time of the trial.[2]

Error to Shiawassee; Collins (Joseph H.), J. Sub- mitted January 7, 1925. (Docket No. 38.) Decided May 14, 1925.

[1]Husband and Wife, 30 C. J. § 531 (Anno); [2]New Trial, 29 Cyc. p. 892.

Case by Abbie J. Aitken against Charles A. Lawrence for fraud.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*George E. Pardee,* for appellant.

*Pulver & Bush,* for appellee.

McDONALD, C. J.    This action is brought to recover damages for fraud in the sale by the defendant of a certain stock of goods and fixtures which he owned in the city of Owosso, Michigan.    The plaintiff is a married woman living with her husband, John E. Aitken.    On the 19th day of October, 1920, Mr. Aitken made an agreement with the defendant for the purchase of the goods in question at a consideration of $49,371.83, he to assume liabilities amounting to $12,774.34, to pay $10,000 in cash and to give his notes maturing at different periods for the balance. To obtain the money necessary for the cash down payment, Mr. Aitken made a loan of $3,500 from the Citizens Savings Bank of Owosso, secured by a mortgage on his home, the title to which was held by him and the plaintiff by the entireties.    He also withdrew from the bank and paid to the defendant $4,000 from their joint savings account, and borrowed $2,500 on his note from a Mr. Smith.    A note of $5,000 given to the defendant as part payment of the balance of the purchase price was secured by a second mortgage on their home.    It is the plaintiff's claim that, in making the sale, the defendant falsely represented the value of the stock and fixtures and the profits of the business; that the business was not profitable, and that after trying to operate it for a year Mr. Aitken was compelled to go into bankruptcy. She says that because of the defendant's fraud she has been damaged by the loss of her home and one-half of the $4,000 joint savings account.    The theory

upon which she claims the right to these damages is that in this transaction with the defendant her husband was acting as her agent, and that she relied on the representations made to him.   In defense, it is claimed that there was no agency, but that if there was it was not disclosed to the defendant, and that the plaintiff, by her conduct, is now estopped from asserting it; that believing he was doing business with the principal, the defendant made a settlement with Mr. Aitken for all the damages claimed by discharging a mortgage for $5,000 on their home; that the plaintiff, with full knowledge of what was being done, remained silent as to her interest and accepted the benefits of the settlement.   At the conclusion of the plaintiff's case the court directed a verdict for the defendant.   A request for a new trial was denied and the plaintiff brings error.

The main question involved relates to the action of the court in directing a verdict for the defendant. The plaintiff bases her action on the theory that throughout the transaction with defendant, her husband, John E. Aitken, was acting as her agent, that he kept her fully informed as to every step that was taken in the negotiations for the purchase of the property in question, and that in consenting to furnish a part of the purchase price she relied on the representations made to her agent, which were false and which resulted in the damages she is here endeavoring to recover.   It was the opinion of the circuit judge that she was bound by the settlement made with her husband, and that by her conduct she was estopped from asserting his agency.   We think that the circuit judge reached a correct conclusion.

Assuming but not deciding that Mr. Aitken was the plaintiff's agent, that fact was not disclosed to the defendant until after the settlement.   In the entire transaction there was nothing to indicate to a reason-

ably prudent man that Mr. Aitken was representing any other person. So on this record it must be conceded that the defendant was ignorant of the existence of a principal at the time he made his settlement for damages with the agent. He supposed that in discharging the $5,000 mortgage he was settling his entire liability. The plaintiff knew that a settlement was being made with her agent. She said nothing until after it had been completed, and she had received the benefits therefrom. Then for the first time she disclosed the agency and began suit against the defendant, claiming damages growing out of the same false representations that he had been released from by settlement with her agent. When she decided to reveal her identity as principal, the agent, with her knowledge and consent, had secured a discharge of the $5,000 mortgage on their home and had given the following release:

"In consideration of one dollar and other considerations to me in hand paid by Charles A. Lawrence, I hereby acknowledge full satisfaction of any and all claims against him and also release him from any claims of fraud and misrepresentations, in the sale to me of the stock of goods, wares and merchandise, in the city of Owosso, which I purchased from him in October, 1920, and also any fraud in regard to the placing of any mortgage against my homestead."

Having full information of the settlement and of the negotiations that led up to it, and failing to disclose her identity as principal, the plaintiff must be required to assume the responsibilities of the contract which her agent arranged with the defendant. As an undisclosed principal she is bound by the settlement made by a person who had every reason to suppose that he was dealing with the only party in interest.

In view of the undisputed facts and the law applicable to the rights of third parties in dealing with

agents of undisclosed principals, the circuit judge did not err in directing a verdict for the defendant.

The plaintiff made a motion for a new trial on the ground of newly-discovered evidence and has assigned error on the refusal of the court to grant her motion. In his reasons for denying the motion the court said:

"As to newly-discovered evidence since the trial, the court is of the opinion that no new trial should be granted on that ground as diligence has not been shown to have been exercised by the plaintiff in the securing of such evidence at the trial recently concluded."

As it appears from the showing made that the witness whose testimony was desired on a new trial resided within a short distance of the court house at the time of the trial, and that the subject-matter of his testimony and the materiality thereof were known to the plaintiff at that time, we think the trial court gave a sufficient reason for his refusal to grant the motion.

The judgment is affirmed, with costs to the defendant.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.